```
===============================================
         UNITED STATE DISTRICT COURT
         SOUTHERN DISTRICT OF NEW YORK
```

UNITED STATES OF AMERICA EX REL. GARRY MICHEL,
          Petitioner,

                                                                           ____ CV _____ (____) (____)
          V.                                             Application for the Court to
                                                                  Request Pro Bono Counsel

SUPERINTENDENT, LYNN LILLY,
EASTERN N.Y. CORRECTIONAL FACILITY,
          Respondent.

**RECEIVED JAN 30 2025 PRO SE OFFICE**

**MEMO ENDORSED**

I ask the Court to request a *pro bono* attorney to represent me in this action. In support of my application, I declare under penalty of perjury that the following information is true and correct:

1.     Have you previously filed a "Request to Proceed in Forma Pauperis" (an IFP application)?

       ☐    I have previously filed an IFP application in this case, and it is a true correct representation of my current financial status.

       ■    I have not previously filed an IFP application in this case, and now attach an original IFP application showing my financial status.

       ☐    I have previously filed an IFP application in this case, but my financial status has changed. I have attach a new IFP application showing my current financial status.

2.     Explain why you need an attorney in this case.

I need a counsel to perfect my petition because I can't afford to pay an attorney to represent me in this proceeding, I am an educationally challenged person with learning disabilities and mental health infirmities and I don't know how to present my statements of facts to support my grounds in this federal habeas corpus petition. I am mentally incompetent.

3.     Explain what steps you have taken to find an attorney and with what result.

1

**MEMO ENDORSED**

I am an educationally challenged person with learning disabilities and mental health infirmities and I don't know any attorney or law firm to contact to represent me in this matter. I am mentally incompetent.

4. if you need an attorney who speaks a language other than English, state what language(s) you speak: N/A

5. I understand that if an attorney volunteers to represent me and that attorney learns that I can afford to pay for an attorney, the attorney may give this information to the Court.

6. I understand that even if the Court grants this application, I will receive *pro bono* counsel only if an attorney volunteers to take my case and that there is no guarantee that an attorney will volunteer to represent me.

7. I understand that if my answers on this application or my IFP application are false, my case may be dismissed.

Dated: January, 23, 2025

Respectfully Submitted

*Garry Michel*

Garry Michel DIN 21A1852
Eastern N.Y. Correctional Facility
P.O.BOX 338, 30 Institution Road
Napanoch, New York 12458-0338

The Court denies Petitioner's Application for Counsel. While there is no constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. See 28 U.S.C. § 1915(e)(1).

When analyzing whether appointment of counsel is appropriate, the Court first "'should . . . determine whether the indigent's position seems likely to be of substance.'" *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003) (quoting *Hodge*, 802 F.2d at 61). Second, the Court considers other prudential factors, such as "the indigent's ability to investigate the crucial facts, whether [there will be] conflicting evidence implicating the need for cross-examination . . ., the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination." *Id*. at 203–04 (quoting *Hodge*, 802 F.2d at 61–62).

Application of the factors does not justify appointing counsel here. The only grounds for appointment Petitioner alleges it that he is a "mentally incompetent" and "educationally challenged person with learning disabilities and mental health infirmities" who does not "know how to present [his] statements of facts to support [his] grounds in this federal habeas corpus petition." (Pet. 1.) While the Court is sympathetic to Petitioner's circumstances, these allegations are not sufficient to meet the required threshold showing that Petitioner's claims have "some likelihood of merit." *Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010). Moreover, there is insufficient information at this stage to determine if Petitioner's claims are so complex, and his disability so severe, as to require assistance. S*ee Rifenburg v. Comm'r of Soc. Sec.*, No. 18-CV-00462, 2018 WL 11451323, at *1 (W.D.N.Y. June 1, 2018) (denying application for appointment of counsel as premature, even though plaintiff's" learning disability may weigh in favor of appointing counsel," because "the Court cannot assess the merits of [p]laintiff's case at this early stage of litigation"); s*ee also Crichlow v. Annucci*, No. 18-CV-03222, 2020 WL 8620022, at *2 (S.D.N.Y. Sept. 22, 2020) (same).

Thus, because the Court does not find any circumstances warranting the appointment of pro bono counsel at this time, the application is denied without prejudice. Petitioner may renew his application at a later stage in the proceedings. The Clerk of Court is respectfully directed to mail a copy of this Order to Petitioner.

SO ORDERED.                                                                                                      3/5/2025